**In re FEDERAL SKYWALK CASES.**

**(Hyatt Regency Hotel Disaster, July 17, 1981).**

**No. 81–0945–A–CV–W–5.**

United States District Court,
W.D. Missouri, W.D.

Nov. 16, 1982.

---

Irving Younger, Williams & Connolly, Washington, D.C., Robert Gordon, Gordon & Whitaker, Kansas City, Mo., for plaintiffs representing class.

Patrick McLarney, Shook, Hardy & Bacon, Kansas City, Mo., John Shamberg, Schneider, Shamberg & May, Shawnee Mission, Kan., Max Foust, Morris & Foust, Kansas City, Mo., for plaintiffs-intervenors.

Robert L. Driscoll, Lawrence M. Berkowitz, Charles W. German, John C. Aisenbrey,

Matthew J. Verschelden, Kansas City, Mo., and Hughes, Hubbard & Reed, Robert J. Sisk, John M. Townsend, Norman C. Kleinberg, New York City, Ronald A. Stern, Washington, D.C., for Crown Center Redevelopment Corp. and Hallmark Cards, Inc.

Niewald, Risjord & Waldeck, Michael E. Waldeck, Kansas City, Mo., for Hyatt Corp. and Hyatt Hotels Corp.

Shughart, Thomson & Kilroy, Thomas J. Leittem, Thomas F. Fisher, Kansas City, Mo., for Patty Berkebile Nelson Duncan Monroe Lefebvre Architects Planners, Inc.

Blackwell, Sanders, Matheny, Weary & Lombardi, Larry L. McMullen, Kansas City, Mo., for Concordia Project Management, Inc.

McAnany, Van Cleave & Phillips, Bill E. Fabian, James R. Goheen, Kansas City, Kan., for Eldridge & Son Construction Co., Inc.

Brown, James, Rabbitt, Whaley, McMullin & Pitzer, Donald L. James, St. Louis, Mo., for Gillum-Collaco, Gillum-Collaco Consulting Structural Engineers, Inc. and Jack D. Gillum Associates.

Jackson & Sherman, Joseph A. Sherman, Patrick Lysaught, Kansas City, Mo., and Miller & Glynn, Kevin E. Glynn, Kansas City, Mo., for Havens Steel Co.

Dietrich, Davis, Dicus, Rowlands & Schmitt, Heywood H. Davis, Kansas City, Mo., for Marshall & Brown, Inc.

John Campbell, Campbell & Bysfield, Kansas City, Mo., for Seiden & Page, Inc.

Joseph Moore, Moore & Willy, Kansas City, Mo., for H.R. Inspection Services, Inc.

## ORDER

SCOTT O. WRIGHT, District Judge.

In accordance with this Court's order of October 29, 1982, counsel for the Class and counsel for the defendants have submitted their respective drafts of the "Legal Notice" to be sent to Class members pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure. Plaintiff-intervenors have also submitted a memorandum concerning the notice to be sent to Class members. On November 16, 1982, a hearing was conducted so that all interested parties might be heard on the matter of notice. After a review of the drafts submitted, the suggestions filed by all parties, and the oral arguments, the Court issues the form of "Legal Notice," attached as the Court's Exhibit A, and orders its immediate distribution by counsel representing the Class. In addition, the Court orders the Class and defense counsel to jointly prepare a "Legal Notice" for publication in the Kansas City newspapers on two occasions and in a national newspaper, preferably the "Wall Street Journal," on one occasion before December 31, 1982. The following is a brief discourse addressing the concerns raised by the parties with respect to the form of "Legal Notice."

### I. Concerns of the Defendants.

The Class and defense counsel reached agreement on the format of the notice and on almost all of its substantive provisions. As can be seen by the "Legal Notice" issued by this Court today, the Court has incorporated the suggestions of the defendants with respect to (1) the definition of the Class, (2) the opt-out date, and (3) the inquiries. The Court has not incorporated the defendants' suggestions with respect to (1) the cross-claims; (2) the inclusion of the October 29, 1982 order; and (3) the statement of claim form. The Court has additionally drafted a separate clause with respect to the obligations of Class members who settle their claims. The separate additional issue raised by defendant Hyatt is not ripe for resolution by this Court or the courts of the State of Missouri.

### II. Concerns of Plaintiff-Intervenors.

The plaintiff-intervenors submitted a memorandum concerning the "Legal Notice" to be sent to the members of the Class. They did not submit a proposed draft. In their memorandum, they properly advise the Court that due process requires that Class members be provided with *"enough information* to make an *informed choice."* The plaintiff-intervenors contend that the "Legal Notice" should additionally inform members of the Class about (1) opposition to the Class, (2) grounds for the opposition; (3) alternatives to a Class action; (4) the close of discovery; (5) the manner in which

any recovery will be divided; (6) the participation of wrongful death claimants; (7) the inclusion of the October 29, 1982 order; and (8) the disclosure of a settlement. As can be seen in the "Legal Notice" issued by the Court, many of the suggestions filed by the plaintiff-intervenors have been incorporated. In addition, the "Legal Notice" informs the members of the Class and their respective attorneys that the files of this case are open for public inspection, that inquiries can be directed to this Court, and that the attorneys can enter an appearance in this Court.

The Court has incorporated the plaintiff-intervenors' suggestions with respect to the manner in which the recovery will be divided, the participation of wrongful death claimants, the disclosure of a settlement, alternatives to a Class action and the close of discovery. The "Legal Notice" informs the members of the Class that any punitive damage recovery will be shared among all Class members in proportion to their individual compensatory damages. The definition of "business invitees" and the accompanying October 29, 1982 order inform the wrongful death claimants that they can participate in the determination of aggravating circumstances. The "Legal Notice" provides that notice and an opportunity to be heard will be given by the Court before the Court decides to approve any class-wide settlement. The "Legal Notice" informs the members of the Class that their participation is "voluntary" and that they are "free to pursue [their] rights in a separate proceeding in a court and with counsel of [their] choosing." Finally, the parties have addressed the need for additional discovery by mutually agreeing to additional discovery prior to the date of trial.

The Court has not incorporated the plaintiff-intervenors' suggestions with respect to opposition filed against the Class, the grounds for opposition, and the inclusion of the October 29, 1982 order. The October 29, 1982 order, which accompanies the "Legal Notice," outlines the nature of the opposition and finds that the affidavits filed by members of the Class failed to adequately advise the Class members about the undiminished multiple punitive damage problem and about possible ethical violations of those attorneys who represent more than one victim. Thus, the opposition filed by more than 50 members or the Class who are represented by as few as five law firms did not appear to be informed. The Court has determined that this "Legal Notice" will enable victims to make an informed decision about whether or not to participate in the Class action. The Court has also determined that the Class representative and the Class counsel are adequate, and has, on many occasions, invited all attorneys who represent victims to participate in the prosecution of claims against the defendants. Finally, the order issued on October 29, 1982 is the law of this case. Its inclusion with the "Legal Notice" enables the members of the Class to have some understanding about what has caused the "Legal Notice" to be sent to them.

It would be necessary to send and explain the voluminous records already on file in order to inform the members of the Class to the fullest extent possible. This Court, in its discretion, has issued a "Legal Notice" which adequately summarizes, in the language of lay persons, the existence and purpose of a voluntary Class action. Due process requires that members of the Class be provided with enough information to make an informed choice. The standards of due process are met by the "Legal Notice" which is issued.

## III

Accordingly, it is hereby

ORDERED that the parties take immediate action in accordance with this order.

COURT's EXHIBIT A

LEGAL NOTICE

### NOTICE OF CLASS ACTION

TO: ALL BUSINESS INVITEES, OR THE REPRESENTATIVES OF BUSINESS INVITEES, INJURED AS A RESULT OF THE COLLAPSE OF TWO SKYWALKS AT THE HYATT REGENCY HOTEL OF KANSAS CITY, MISSOURI ON JULY 17, 1981.

You are hereby notified, pursuant to Rule 23 of the Federal Rules of Civil Procedure

and the Order of the United States District Court for the Western District of Missouri, that a class action has been certified in legal proceedings entitled *In re Federal Skywalk Cases.* The plaintiff class certified by the Court on October 29, 1982, includes all business invitees, or representatives of business invitees, who were present in the main lobby of the Hyatt Regency Hotel of Kansas City, Missouri (the "Hotel") at the time of the collapse of two skywalks on July 17, 1981 and who suffered injury as a result. "Business invitees" includes all persons, alive and deceased, who were guests of the Hotel, who came solely to attend the Tea Dance, or who were present in the Hotel on July 17, 1981 for any other business, personal, or social purpose. The class does not include those persons who had settled their claims prior to certification of the class action on October 29, 1982.

The Court's Order creating the class is attached to this notice. It should be read carefully.

This notice is being sent to you in the belief that you may be a member of the above-described plaintiff class. This notice contains a brief description of this litigation and discusses matters related to your decision whether to take part in the plaintiff class or to exclude yourself from the class.

THIS NOTICE SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED BY EITHER PLAINTIFFS OR DEFENDANTS. IT IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THIS CLASS ACTION SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY WISH TO TAKE IN RELATION TO THIS LITIGATION.

*Description of the Litigation.*

Plaintiffs in this action allege that the defendants acted negligently and recklessly in the design, construction, and operation of the skywalks in the Hotel. All defendants have denied such allegations and deny liability.

The class action seeks to determine three issues: (1) which defendants, if any, are liable to pay compensatory damages as a result of the collapse of the skywalks; (2) which defendants, if any, are liable to pay punitive damages in personal injury cases or to pay damages for aggravating circumstances in wrongful death cases as a result of the collapse; and (3) what amount of punitive damages should be assessed against those defendants, if any, found liable to pay punitive damages. The Court has scheduled the trial of the class action to commence on January 10, 1983.

If there is a recovery of punitive damages in this action, the award will be shared among all those class members who have injury claims in proportion to their individual compensatory damages. Those class members who have compensatory damage claims arising from wrongful death actions will not share in the punitive damage award. This class action will *not* determine what amount of compensatory damages each class member should receive for his or her injuries. If the class action trial determines that one or more defendants are liable for compensatory damages, each class member must then litigate the *amount* of compensatory damages in individual lawsuits or reach a settlement with the defendant or defendants found liable for compensatory damages. The individual compensatory damage actions may be pursued with an attorney retained by the class member in this Court or any other appropriate court. To share in any punitive damage recovery, however, a class member with injury claims must recover compensatory damages either by litigation or settlement after the class trial. Distribution of any punitive damage award may be delayed until appropriate class members have had the opportunity to litigate or settle their compensatory damage claims.

The class is represented by Mrs. Deborah T. Jackson, a resident of Utah. In her complaint, Mrs. Jackson alleges that she was present in the Hotel at the time of the collapse on July 17, 1981, and that she suf-

fered cuts on her legs and psychological trauma as a result of the collapse of the skywalks.

In its Order, the Court designated the following attorneys as Lead Class Counsel to represent Mrs. Jackson and the class in this litigation:

Williams & Connolly
Hill Building
839 Seventeenth Street, N.W.
Washington, D.C. 20006
    and
Robert C. Gordon
4722 Broadway
Suite 251
Kansas City, Mo. 64112

The following attorneys were designated in the Order to be Assistant Class Counsel:

William P. Whitaker
Suite 251
4722 Broadway
Kansas City, Mo. 64112
Arthur H. Stoup
Stoup and Thompson
950 Home Savings Building
1006 Grand Avenue
Kansas City, Mo. 64106
Richard L. Colbert
Colbert & Fields
221 Professional Building
1103 Grand Avenue
Kansas City, Mo. 64106

The defendants named in the complaint are:

Hyatt Corporation
Hyatt Hotels Corporation
Crown Center Redevelopment Corporation
Hallmark Cards, Incorporated
Concordia Project Management, Ltd.
Patty Berkebile Nelson Duncan Monroe LeFebvre Architects Planners, Inc.
Eldridge & Son Construction Co., Inc.
Gillum-Collaco Consulting Structural Engineers, Inc.
Jack D. Gillum & Associates, Ltd.
Havens Steel Company
General Testing Laboratories, Inc.
Seiden & Page, Inc.
H.R. Inspection Service, Inc.
Marshall & Brown, Inc.
City of Kansas City, Missouri.

Several defendants have asserted claims against other defendants and third parties, including claims that any liability assessed be apportioned among the defendants and third parties based on the extent of their fault, if any. The third parties against whom claims have been asserted are Midwest Mechanical Contractors, Inc., National Fire Sprinkler Corp., W.R.W. Engineering Company, Jack D. Gillum, Daniel M. Duncan.

*Decision to Take Part in or to be Excluded From the Class.*

This class action is what is known as an "opt out" or "voluntary" class action, which means that you have a choice whether you want to be a member of the class.

In determining whether you want to take part in the class or to be excluded from the class, you should be aware of the following:

1. As a member of the plaintiff class, you would be entitled to share in the benefits of any judgment favorable to the class, or any settlement entered into between the class and the defendants. You would also be bound by any judgment favorable to the defendants and adverse to the class. As a member of the class, you still retain the right to settle your individual claim with one or more defendants. If the judgment in this class action is beneficial to the class, or if a class-wide settlement is obtained, some portion of the amount recovered as punitive damages by the class may be used to compensate attorneys for the class. This decision and any decision to settle the case on a class-wide basis will be made by the Court after class members have been given an opportunity to be heard on the matter.

2. If you choose to be excluded from the class, you would be free to pursue your legal rights in a separate proceeding in a court and with counsel of your choosing. You would not be bound by any judgment entered in the class action and you would not be entitled to share in any recovery that may be obtained by the class.

3. In addition, you should be aware that the Court has indicated that the law of Missouri, which governs the claims asserted by the class in this action, may permit only a single punitive damage award to be assessed against any one defendant based on the collapse of the skywalks. Thus, since the class action will be the first case to try punitive damages, it is possible that no further punitive damages will be awarded in any subsequent litigation. Furthermore, any punitive damage award in favor of the class against any defendant in this litigation may diminish or preclude any subsequent punitive damage award obtained against such defendant, by any person choosing not to be included in this class.

IF YOU WISH TO REMAIN IN THE CLASS, YOU NEED TAKE NO FURTHER ACTION AT THIS TIME.

IF YOU DO NOT WISH TO REMAIN IN THE CLASS, YOU MUST REQUEST TO BE EXCLUDED FROM THE CLASS. You will be excluded from the class only if you make a written request for exclusion *postmarked on or before December 31, 1982.* Alternatively, you may *file* such request in the Clerk's office at the address below by *January 4, 1983.* If you wish to be excluded from the class, sign and return the enclosed "Request for Exclusion" form or a similar statement to:

Mr. R.F. Connor
Clerk of the Court
United States District Court for
  the Western District of Missouri
811 Grand Avenue
Kansas City, Missouri 64106

A stamped, addressed envelope is enclosed for your convenience.

If you choose to remain in the class, you may enter an appearance in this class action through counsel of your own choosing. Unless notice of such a *separate appearance* is postmarked or received by the Clerk of the Court on or before *January 4, 1983,* you will be represented by the attorneys for the class, named above.

*Additional Information.*

All orders of the Court are a matter of record, and they, together with the pleadings and other papers filed in this action, are available for inspection in the second floor office of the Clerk of the Court at 811 Grand Avenue, Kansas City, Missouri, 64106, during normal business hours.

Any inquiries regarding this notice or the class action should be addressed to the undersigned Clerk of the Court.

/s/ R.F. Connor
R.F. CONNOR
Clerk of the Court
United States District Court for
  the Western District of Missouri
811 Grand Avenue
Kansas City, Mo. 64106

Dated: November 16, 1982.

REQUEST FOR EXCLUSION FROM CLASS ACTION

The undersigned requests to be excluded from the plaintiff class that has been certified in this action.
Dated: _____ , 1982.

_____
Signature

Please Print:
1. Your name or names: _____
2. Your address: _____

_____
Street

_____
City

_____
State    Zip Code